PER CURIAM.
This is an appeal from a final administrative order denying an application for registration as an associated person of a securities firm. Denial was based upon the existence of a circuit court injunction, which under Rule 3E-600.011(2), Florida Administrative Code, constitutes prima facie evidence of unworthiness for registration. We affirm.
In March 1982, appellant and his company, Franklin Capital Corp., were prohibited by a temporary injunction entered by the Circuit Court, Seventeenth Judicial Circuit, Broward County, from (among other things) selling unregistered securities, selling securities through a person not registered with the State, obtaining money by means of untrue statements of material fact, and acting as a mortgage broker. In July 1982, a stipulation of preliminary injunction was entered into by appellant, his company and the appellee prohibiting appellant from selling unregistered securities, selling securities through a person not registered with the State, violating the provisions of section 517.301 or any other provision of Chapter 517, F.S., in connection with the sale or purchase of securities, and from engaging in any course of business relating to mortgage transactions in violation of section 494.093, or any other provision of Chapter 494, F.S. The stipulation was approved and incorporated by reference into an Order of Preliminary Injunction. Appellant and Franklin Capital Corp. moved to dissolve the injunction for lack of subject matter jurisdiction; the denial of the motion was affirmed. Nelson v. State ex rel Lewis, 441 So.2d 659 (Fla. 4th DCA 1983). There being no indication in the record that the injunction has been dissolved, we find there is competent and substantial evidence to support the finding of unworthiness for registration.
*145 Appellant requests this court to consider the validity of Rule 3E-600.011(2), but he does not argue that the Department of Banking and Finance exceeded its legislative authority in promulgating this rule, or that the rule is arbitrary and capricious; in fact, appellant makes no substantive argument whatsoever. Because appellant fails to argue with any specificity how Rule 3E-600.011(2) is unconstitutional or otherwise deficient, we refuse to consider the issue.
Appellant also argues on appeal that the hearing officer erroneously failed to consider a rule challenge. It is not clear from the record that appellant sought a rule challenge under Chapter 120, nor is it evident when appellant’s challenge was filed. More importantly, there is no indication in the record that appellant’s rule challenge was ever disposed of by a final order. There being no showing that a rule challenge was ever presented below, we find nothing has been presented for review by this court.
AFFIRMED.
SMITH, THOMPSON and MINER, JJ., concur.